```
      IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF ALABAMA
                 NORTHERN DIVISION
```

**MANSFIELD BARGE,**               *
                                   *
    **Plaintiff,**                 *
                                   *
vs.                                * CIVIL ACTION NO. 20-00485-JB-B
                                   *
**AIRBUS AMERICAS,**               *
                                   *
    **Defendant.**                 *

## REPORT AND RECOMMENDATION

This action is before the Court on review.[1] On September 29, 2020, Plaintiff, Mansfield Barge, proceeding *pro se*, filed a complaint in this Court seeking relief for employment discrimination under 42 U.S.C. §§ 2000e, *et seq.*, and 29 U.S.C. §§ 621, *et seq*. (Doc. 1). Barge did not pay the statutory filing fee at the time of filing.[2] Instead, he filed a motion to proceed *in forma pauperis*. (Doc. 2). In an order dated October 6, 2020, the Court denied the motion, finding that it could not determine

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

[2] A filing fee of $350.00 for a non-habeas civil action is imposed by 28 U.S.C. § 1914(a). As of December 1, 2016, the Judicial Conference also imposed a $50.00 administrative fee, except in habeas cases and in cases brought by persons who are permitted to proceed *in forma pauperis*. 28 U.S.C. § 1914, Jud. Conf. Schedule of Fees, No. 14. See Jones v. Mack, 2019 WL 1811056, *5 (S.D. Ala. Apr. 3, 2019), *report and recommendation adopted*, 2019 WL 1810995 (S.D. Ala. Apr. 24, 2019).

from the insufficient information provided whether Barge was able to pay the filing fee. (Doc. 3). The Court ordered Barge to refile his motion no later than October 27, 2020, setting forth in detail his total monthly household income, his monthly financial obligations, and any financial assistance received from family members or any other source. (Id.). Barge was advised that, in lieu of filing a new motion, he could pay the $400.00 statutory filing fee by October 27, 2020. (Id.). Barge was cautioned that failure to timely file the new motion or pay the filing fee would result in the dismissal of this action. (Id.).

On October 16, 2020, Barge refiled his motion to proceed *in forma pauperis*. (Doc. 4). In an order dated October 26, 2020, the Court again denied the motion, finding that, given the additional information provided in the motion and the monies available to Barge in his bank account, he had failed to show that he was unable to pay the requisite filing fee. (Doc. 5). Accordingly, the Court ordered Barge to pay the $400.00 statutory filing fee by November 17, 2020. (Id.). Barge again was cautioned that failure to comply with the Court's order would result in the dismissal of this action for failure to prosecute and to obey the Court's order. (Id.).

To date, Barge has filed no response to the Court's order, nor has he paid the filing fee. Moreover, the Court's order has

not been returned as undeliverable, nor is there any other indication that the order was not delivered to Barge.³

"Parties instituting a civil action in a district court are required to pay filing fees in advance." York v. Macon Cnty. Police Dep't, 2019 U.S. Dist. LEXIS 66269, *2, 2019 WL 1748115, *1 (M.D. Ga. Apr. 18, 2019)(citing 28 U.S.C. § 1914(a), (c)). "All litigants, including those proceeding *pro se*, are subject to the Federal Rules of Civil Procedure and the local court's rules and standing orders." Id. (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)). Indeed, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802-03 (11th Cir. 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.).

Moreover, "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Properties, Inc. v.

---

³ To the contrary, the docket shows that the certified mail receipt for the order was signed by Barnard Simpson on behalf of Barge on October 28, 2020, at Barge's address. (Doc. 6).

3

Florida Mowing & Landscaping Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009)(quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). The power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.

In the instant case, Barge has failed to pay the requisite filing fee, despite being expressly forewarned that his failure to do so could result in dismissal of his case for failure to prosecute and failure to obey the orders of the Court. Accordingly, this action is due to be dismissed. Cf. York, 2019 U.S. Dist. LEXIS 66269 at *2, 2019 WL 1748115 at *1 (dismissing plaintiff's complaint where the docket established that the plaintiff failed to pay the filing fee or file a motion to proceed IFP and had been notified that failure to comply could result in dismissal of his case.).

Based on the foregoing, and upon consideration of the alternatives that are available to this Court, it is **RECOMMENDED**

that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as no other lesser sanction will suffice.

If Barge disputes the Court's finding of failure to pay the statutory filing fee and desires to proceed with the litigation of this action, he shall set forth in an objection to the report and recommendation the reasons for his failure to pay the filing fee or failure to file a motion to proceed without prepayment of fees. Wilson v. Sargent, 414 F.3d 1315, 1320 (11th Cir. 2002)(citing to Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the

5

right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st** day of **December, 2020.**

                                                           **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**